UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RECEIVED U.S. MARSHALS
M/FL JACKSONVILLE
2017 JUN -2 AM 9:58

UNITED STATES OF AMERICA

v

JOSE SALVADOR LANTIGUA

Case Numbers: 3:16-cr-125-J-32PDB
3:16-cr-141-J-32PDB
USM Number: 29934-058

Lisa Call, FPD
Suite 1240
200 W Forsyth St
Jacksonville, FL 32202

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One and Two (1 & 2) of the Information in case no. 3:16-cr-125-J-32PDB and Counts One and Two (1 & 2) of the Indictment in case no. 3:16-cr-141-J-32PDB. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of the Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| **Case No. 3:16-cr-125-J-32PDB** | | | |
| 18 U.S.C. § 1349 | Conspiracy to Commit Mail and Wire Fraud | March 21, 2015 | One of the Information |
| 18 U.S.C. § 1344 | Bank Fraud | 2012 | Two of the Information |
| **Case No. 3:16-cr-141-J-32PDB** | | | |
| 18 U.S.C. § 1542 | Passport Fraud | November 18, 2014 | One of the Indictment |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | November 18, 2014 | Two of the Indictment |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

February 1, 2017

TIMOTHY J. CORRIGAN
UNITED STATES DISTRICT JUDGE

June ___1___, 2017

2017 AUG -4 AM 9:57 FILED

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Jose Salvador Lantigua
3:16-cr-125-J-32PDB & 3:16-cr-141-J-32PDB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED FORTY FOUR MONTHS (144) MONTHS** as to each of Counts One and Two (1 & 2) of the Information in case no. 3:16-cr-125-J-32PDB and **ONE HUNDRED AND TWENTY (120) MONTHS** as to Count One (1) of the Indictment in case no. 3:16-cr-141-J-32PDB, such terms to run concurrently with each other, for a total of One Hundred Forty Four (144) Months; and, **TWENTY FOUR (24) MONTHS** as to Count Two (2) of the Indictment in case no. 3:16-cr-141-J-32PDB, to run consecutively to the concurrent term of One Hundred Forty Four (144) Months; **FOR A TOTAL TERM OF ONE HUNDRED SIXTY EIGHT (168) MONTHS.**

The Court recommends to the Bureau of Prisons that the defendant be incarcerated in FCI Miami, or in the alternative in FCI Coleman.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _7-25-17_ to _SCP Ashland_

at _Ashland, KY_, with a certified copy of this judgment.

Thomas B. Smith / Warden

By: _____ / CSO.

2017 AUG -3 PM 2:57
RECEIVED U.S. MARSHAL'S
M/FL JACKSONVILLE

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Jose Salvador Lantigua
3:16-cr-125-J-32PDB & 3:16-cr-141-J-32PDB

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **THREE (3) YEARS** as to Count One (1) and **FIVE (5) YEARS** as to Count Two (2) of the Information in case no. 3:16-cr-125-J-32PDB; and, **THREE (3) YEARS** as to Count One (1) and **ONE (1) YEAR** as to Count Two (2) of the Indictment in case no. 3:16-cr-141-J-32PDB; all such terms to run concurrently, **FOR A TOTAL TERM FIVE (5) YEARS.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. You must cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within **72 hours**.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchucks or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____  Date:_____

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Jose Salvador Lantigua
3:16-cr-125-J-32PDB & 3:16-cr-141-J-32PDB

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall provide the probation officer access to any requested financial information.

2. Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating yourself for any major purchases without approval of the probation officer.

3. Defendant shall not profit from the sale of rights to his story or any related profits thereof. Any such money or profits shall be applied to the restitution ordered in this Judgment.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|        | Assessment | JVTA Assessment [1] | Fine | Restitution |
|--------|------------|---------------------|------|-------------|
| TOTALS | $400.00    |                     | $0   | $2,871,067.11 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(l), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Loss** | Restitution Ordered | Priority of percentage |
|---|---|---|---|
| Prudential Life Insurance Company (Service Members Policy) P.O. Box 984 Roseland, New Jersey 07068-969 Attn: Dan Brown Special Investigative Unit | 250,440.17 | $250,440.17 | |
| Prudential Life Insurance Company (IBM Policy) P.O. Box 984 Roseland, New Jersey 07068-969 Attn: Dan Brown Special Investigative Unit | 120,412.34 | $120,412.34 | |
| Five Star Life Insurance Company 909 North Washington Street Alexandria, Virginia 22314 Re: Acct # GS020930002 | 500,214.60 | $500,214.60 | |
| Fidelity Bank 3490 Piedmont Road, N.E. Suite 1550 Atlanta, GA 30305 Attn: Bill Germany | $2,000,000.00 | $2,000,000.00 | |

---

[1] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Jose Salvador Lantigua
3:16-cr-125-J-32PDB & 3:16-cr-141-J-32PDB

## SCHEDULE OF PAYMENTS

The Special Assessment in the amount of **$400.00** is due in full and immediately.

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

- Restitution to be paid with $250.00 monthly installments, the first payment being due 60 days from the date of release from custody. This payment schedule shall continue unless the victim, the government, or the defendant, notifies the Court of a material change in the defendant's ability to pay and the Court modifies the schedule. The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

    Any funds in excess of $250.00 recovered or received by defendant shall be applied to the restitution owed.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

### Joint and Several

**Restitution payable to Prudential Life Insurance Company and Five Star Life Insurance Company shall be paid jointly and severally with Daphne Simpson in case nos. 3:16-cr-130-J-32MCR and 3:16-cr-99-J-32MCR.**

### FORFEITURE

- **Forfeiture Money Judgment entered on May 30, 2017 in case no. 3:16-cr-125-J-32PDB.**

AO 245B (Rev. 11/16) Judgment in a Criminal Case